IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

DIANE CARTEY,                          :
                                       :
    Plaintiff,                         :
                                       :
v.                                     :     CIVIL ACTION
                                       :     No. 3:20-CV-133-CAR
NUTRIEN AG SOLUTIONS                   :
and AERIAL SPECIALISTS INC.,           :
                                       :
    Defendants.                        :
_____        :

## ORDER ON PLAINTIFF'S MOTION TO REMAND

Defendants removed this action from the Superior Court of Morgan County, Georgia alleging diversity as the basis for federal jurisdiction. Plaintiff filed a Motion to Remand, contending the Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000. The Court disagrees and finds that Defendant has proven by a preponderance of the evidence that the amount in controversy is met.  Thus, Plaintiff's Motion to Remand [Doc. 9] is **DENIED**. The stay of discovery authorized in this case is hereby **LIFTED**.

## BACKGROUND

Plaintiff filed this action in Morgan County Superior Court against Defendants Nutrien Ag Solutions and Aerial Specialists Inc. for negligence and trespass under Georgia state law after an Aerial Specialists employee flew a helicopter over Plaintiff's

property, sprayed her blueberry bushes with herbicide, and destroyed them.[1] Although Plaintiff alleges she "incurred expenses and damages of $74.999.99 or less," she also seeks punitive damages "congruous with [Defendants'] overwhelmingly negligent actions."[2]

Defendants timely removed the case to this Court pursuant to the Court's diversity jurisdiction. Plaintiff filed a Motion to Remand, arguing the Court lacks subject matter jurisdiction because Plaintiff seeks $75,000 or less.[3] In their response, Defendants attached two pre-suit demand letters from Plaintiff's counsel.[4] Plaintiff's counsel sent the first letter on January 31, 2020, seeking $500,000 in combined compensatory and punitive damages.[5] The letter included detailed calculations for compensatory damages, including $11,280.00 in lost profits from the initial blueberry crop; a $22,560.00 compounded profit loss from soil inactivity; between $7,886.60 and $18,206.63 in replacement costs for the blueberry bushes; and between $15,000.00 and $22,000.00 in soil reconditioning, labor, and replant costs.[6] Counsel used these estimates to calculate total compensatory damages between $56,726.60 and $74,046.63.[7] Counsel then stated that damages would be "substantially compounded" by "punitive elements."[8]

---

[1] *See generally*, Plaintiff's Amended Complaint [Doc 17].
[2] Plaintiff's Amended Complaint, ¶¶ 10, 11.
[3] Plaintiff's Motion to Remand, p. 3 [Doc 9].
[4] Response to Motion to Remand, Exhibit A and Exhibit B [Docs. 11-1 and 11-2].
[5] Response to Motion to Remand, Exhibit A.
[6] *Id.*
[7] *Id.*
[8] *Id.*

Plaintiff's counsel sent a second letter on May 21, 2021, lowering his demand to $480,000.[9]

"[I]n assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal unambiguously establish federal jurisdiction."[10] The Eleventh Circuit has held that evidence attached to an opposition to a motion to remand can be considered in cases removed under 28 U.S.C. § 1446(b)(1).[11] Notably, however, "the jurisdictional facts that support removal must be judged at the time of the removal."[12] Defendants received the demand letters prior to removal, and thus the Court will consider them in determining the amount in controversy.

## DISCUSSION

Removal jurisdiction exists where the court would have original jurisdiction over the action.[13] This Court has original jurisdiction over diverse parties "where the matter in controversy exceeds the sum or value of $75,000."[14] The party seeking removal must

---

[9] Response to Motion to Remand, Exhibit B [Docs. 11-1].
[10] *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007).
[11] *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 774 (11th Cir. 2010); *see also Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) ("While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition.").
[12] *Id.*
[13] 28 U.S.C. § 1441(a).
[14] 28 U.S.C. § 1332(a).

present facts establishing its right to remove by a preponderance of the evidence.[15] "In shouldering this burden, a removing defendant 'is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.'"[16] Rather, the defendant may satisfy its burden by showing either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper."[17] Punitive damages "must be considered" when determining the jurisdictional amount in controversy in diversity cases.[18] And "[s]ettlement demand letters that ask for damages exceeding $75,000 are evidence that may be submitted by the removing party and considered by courts for purposes of determining whether diversity jurisdiction exists."[19]

A demand letter must contain sufficient facts for defendants to evaluate the claim.[20] "Indeed, not every demand letter is persuasive in determining the amount in controversy. A demand letter devoid of facts enabling the receiver to evaluate the claim

---

[15] *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

[16] *Lambeth v. Peterbilt Motors Co.*, No. 12-0169-WS-N, 2012 WL 1712692, at *2 (S.D. Ala. May 15, 2012) (quoting *Pretka*, 608 F.3d at 754).

[17] *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citations omitted).

[18] *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

[19] *Deal v. Evangelical Lutheran Good Samaritan Soc'y*, No. 6:14-CV-7-ORL-28KRS, 2014 WL 12618704, at *2 (M.D. Fla. Apr. 25, 2014); *see AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.*, 268 Fed.Appx. 864, 866 (11th Cir. 2008).

[20] *Mick v. De Vilbiss Air Power Co.*, No. 6:10-cv-1390-Orl-28GJK, 2010 WL 5140849 (M.D. Fla. Dec. 14, 2010); *Deal*, 2014 WL 12618704, at *2.

may be considered nothing more than mere posturing."[21] To determine whether the case meets federal jurisdictional requirements, "courts may use their judicial experience and common sense."[22]

Defendants have met their burden in this case. Plaintiff's demand letters and claim for punitive damages establish the amount in controversy exceeds $75,000.[23] The demand letters in this case do not constitute posturing. Plaintiff's attorney provided detailed calculations showing that Plaintiff sustained $56,726.60 to $74,046.63 in damages, including the cost of replanting the blueberry bushes, lost profits from blueberry sales, and the cost of soil restoration.[24] Plaintiff's attorney also stated that damages would be "substantially compounded" by "punitive elements" and requested first $500,000 and then $480,000.[25] Moreover, Plaintiff states in her Complaint that the Aerial Specialists helicopter pilot showed "conscious indifference to consequences" sufficient for an award of punitive damages under O.C.G.A. § 51-12-5.1(b) when he "continuously emitt[ed] powerful herbicides for several passes before correcting course."[26] In light of these facts and using judicial experience and common sense, the Court finds this case meets the amount in controversy minimum for diversity jurisdiction.

---

[21] *Id.*
[22] *Roe*, 613 F.3d at 1062.
[23] Response to Motion to Remand, Exhibit A and Exhibit B [Docs. 11-1 and 11-2].
[24] *Id.*
[25] *Id.*
[26] Plaintiff's Amended Complaint, ¶¶ 9, 11 [Doc 17].

**CONCLUSION**

As set forth above, the Court finds that Defendant has established by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.00. Thus, Plaintiff's Motion to Remand [Doc. 9] is **DENIED**. The stay of discovery authorized in this case is hereby **LIFTED**.

**SO ORDERED,** this 23rd day of April, 2021.

_s/C. Ashley Royal_
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT